# CIRCUIT COURT OF LOUDOUN COUNTY

In re Request for
Subpoena Duces Tecum
to America Online, Inc.

August 17, 1999

Case No. (Law) 22357

BY JUDGE THOMAS D. HORNE

This case came before the Court on the motion of defendants, collectively designated as John Does 1 through 100, by way of a special appearance, to quash a subpoena duces tecum addressed to America Online. The subpoena seeks subscriber information, documents, and communications in connection with a lawsuit presently pending in the State of Louisiana. Plaintiff, Kenneth L. Cohen, has obtained Letters Rogatory from the Civil District Court for the Parish of Orleans, State of Louisiana, Division "L," for persons identified, *inter alia*, by ten e-mail addresses.

In the Louisiana litigation, Kenneth L. Cohen has claimed damages against "John Does 1 through 100" for alleged defamation through the use of an Internet message board. Plaintiff first sought to obtain information concerning the persons posting such alleged defamatory statements from Yahoo!, Inc., an Internet search engine. He contends that "Yahoo" reported to him that persons having an account with America Online did the postings. America Online is an Internet service provider located in Loudoun County, Virginia.

The instant request is to be tested by the provisions of § 8.01-411, Code of Virginia, and Rule 4:9 (c), Rules of the Supreme Court of Virginia.

Production and inspection of the documents sought pursuant to the Louisiana commission is governed by the same procedures applicable to an action at law pending in the Commonwealth. § 8.01-411, Code of Virginia. Upon the instant motion to quash, the Court has not considered matters raised by the defendants relating to privacy and to a claim of First Amendment right

to anonymity. *See McIntyre v. Ohio Elections Commission*, 514 U.S. 334 (1994). It is unclear whether such issues were raised at the time of the hearing before the Court in Louisiana. Although that is not the exclusive forum for resolving privilege claims in the instant case, it is the most appropriate. Otherwise, this Court would be required to address matters going to the very heart of the claims in ancillary proceedings; that is, are these defendants shielded from claims of defamation by reason of a privilege arising out of the publication of documents over the Internet?

The process and proceedings employed in producing documents in the Commonwealth are set out in the Rules of the Supreme Court of Virginia. It is to these Rules that the Court must look in requiring production of the material sought pursuant to the Louisiana commission.

In accordance with Rule 4:9(c), production of the instant records is governed by the following:

> Upon written request therefor filed with the clerk of the court in which the action or suit *is pending* by counsel of record for any party or by a party having no counsel in any *pending case*, with a certificate that a copy thereof has been mailed, dispatched by commercial delivery service, or transmitted by facsimile, or delivered to counsel of record and to parties having no counsel, the clerk shall, subject to paragraph (c-1), issue to a person not a party therein a subpoena duces tecum which shall command the person to whom it is directed, or someone acting on his behalf, to produce the documents and tangible things ... designated and described in said request ... .

(Emphasis added.) Thus, in addition to relevancy, there are three requirements antecedent to the issuance of the subpoena. They are a written request directed to the clerk, the existence of a pending action, and notice to counsel of record or to a party not represented by counsel.

Counsel for the plaintiff asserts that without the information requested, the parties cannot be identified. Such information is singularly relevant to the pursuit of the action and is reasonably calculated to lead to the discovery of admissible evidence. Rule 4:1(b)(1), Rules of Supreme Court of Virginia. The talisman for judging the instant request is the badge of relevancy. This is what the Rules mandate. By analogy, the test to be utilized by the Court in evaluating production of subscriber information in criminal cases is that of relevancy. § 19.2-70.3, Code of Virginia.

Is the present action "pending" in Louisiana within the contemplation of the Virginia Rules? This question must be answered in the affirmative. In its

issuance of Letters Rogatory, the Louisiana Court so found. Moreover, were the underlying action to have been filed in the Commonwealth, it would be considered as "pending" within the contemplation of the Rules. An action at law brought in the Commonwealth for money damages is "commenced by filing in the clerk's office a motion for judgment. The action is then instituted and *pending* as to all parties defendant thereto." Rule 3:3(a), Rules of the Supreme Court of Virginia (emphasis added).

Finally, the Court must address the issue of notice. It is imperative that proper notice be given to each John Doe defendant who is identified by user name, "other identity," or by e-mail address in the instant subpoena. From the presence of such John Doe defendants by special appearance, such notice may be inferred. However, the Court will require America Online, on or before September 1, 1999, to furnish to the Court a certificate that notice meeting the minimum requirements of Rule 4:9(c) has been given to those subscribers who can be identified from the subpoena request. It should include with such certificate a statement concerning the details as to the method by which such notice was given. Simultaneously with the filing of such statement, America Online shall file the requested documents with the clerk of this Court under seal. It shall furnish to counsel notice of such filing.

Plaintiff should furnish sufficient copies of the pleadings and papers in this cause (Law 22357, Circuit Court of Loudoun County), as well as the costs of any postage necessary, in order that they may be mailed to each of the subscribers to be notified.

Upon the filing of such documents, any one or more of the defendants may file an objection to the form of the notice given. Such objections shall be ruled on promptly by the Court at the request of any of the parties.

Counsel for the plaintiff may present an order consistent with this opinion to which counsel may note their exceptions. Prior to the drafting or submission of such an order, counsel for the plaintiff should consult Rule 1A:4, Rules of the Supreme Court of Virginia. Compliance with the Rule would require association with a member of the Virginia State Bar.